IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **ISSA RA EL**, | * | |
| | * | |
| *Plaintiff*, | * | |
| | * | |
| v. | * | Civil Action No. RWT-13-416 |
| | * | |
| **GLENNA BARNER**, *et al.*, | * | |
| | * | |
| *Defendants*. | * | |
| | *** | |

## MEMORANDUM OPINION

On February 6, 2013, Plaintiff, a resident of Owings Mills, Maryland, filed the instant self-represented action for $4,000,000.00 against multiple parties, invoking this Court's federal question jurisdiction to seemingly complain that employees of the Prince George's County Office of Child Support Enforcement have committed fraud and dishonesty in order to "collect" a "discharged" debt on a "domestic support obligation" to which he had never agreed to be liable. (ECF No. 1). He claims that Defendants have used the "human slave trade and birthright theft" of the name of "PATRICK LEWIS" to force and compel him to remit the support obligations to create debts upon Moorish Americans. Finally, Plaintiff challenges the State court decision ordering him to pay support and claims that he and his three children are victims in the case. *Id*.

Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* shows that he has no income, property and/or cash. (ECF No. 2). The Motion shall be granted. The Complaint, however, shall be summarily dismissed.

Plaintiff claims subject matter jurisdiction based on a federal question. "It is black-letter law that a federal court has an obligation to inquire *sua sponte* into its own subject matter jurisdiction." *McCulloch v. Vélez*, 364 F.3d 1, 5 (1st Cir. 2004); Fed. R. Civ. P. 12(h)(3). The claims raised in this Complaint plainly relate to an ongoing domestic case involving Patrick Christopher Lewis, a/k/a

Minister Issa Ra-el, Thea Lewis, and the support of their children in the Circuit Court for Prince George's County. *See Lewis v. Lewis*, CAD07-31628 (copy attached). The docket shows that a divorce was granted to Thea Lewis and that in matters regarding support payments, Plaintiff was found in contempt by Judge Julia B. Weatherly in June of 2009 and in November of 2010, and by Judge Chapdelaine in February of 2012. Another contempt hearing is to be scheduled.

The case may not proceed in this Court for a number of reasons. First, it involves matters of family law. Such issues have traditionally been reserved to the state or municipal court systems with their expertise and professional support staff. *See Moore v. Sims*, 442 U.S. 415, 435 (1979). Under the domestic relations exception to federal jurisdiction, federal courts generally abstain from review of such cases. *See Ankenbrandt v. Richards*, 504 U.S. 689, 701-05 (1992). The Supreme Court has noted that it may be appropriate for federal courts to decline to hear a case involving elements of the domestic relationship, even when divorce, alimony, or child custody is not strictly at issue:

> This would be so when a case presents "difficult questions of state law bearing on policy problems of substantial public import whose importance transcends the result in the case then at bar." Such might well be the case if a federal suit were filed prior to effectuation of a divorce, alimony, or child custody decree, and the suit depended on a determination of the status of the parties.

*Id*. at 705-06 (quoting *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 814 (1976)).

This conclusion is supported by sound policy considerations. Issuance of decrees of this type can involve retention of jurisdiction by the State court and deployment of social workers to monitor compliance. As a matter of judicial economy, State courts are more suited to work of this type than are federal courts, which lack the close association with State and local government organizations dedicated to handling issues that arise out of conflicts over child custody and support decrees.

Moreover, as a matter of judicial expertise, it makes far more sense to retain the rule that federal courts lack power over these cases because of the special proficiency developed by State tribunals over the past century and a half in handling issues that arise in the granting of such decrees.

Second, the Court is also without jurisdiction to review the gravamen of the allegations. The action is based on the history of a State court proceeding years in the making and Plaintiff's issue with its judicial determinations. Under the *Rooker-Feldman* doctrine, a federal court does not have jurisdiction to overturn a State court judgment, even when the federal complaint raises allegations that the State court judgment violates a claimant's constitutional or federal statutory rights. In creating this jurisdictional bar, the Supreme Court reasoned that because federal district courts have only original jurisdiction, they lack appellate jurisdiction to review state court judgments.[1] In effect, the *Rooker-Feldman* doctrine precludes federal court cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced." *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284 (2005).

For the aforementioned reasons, the Court hereby dismisses the case. A separate Order follows.

Date: 2/14/13

By Alexander Williams Jr. for RWT
UNITED STATES DISTRICT JUDGE

---

[1] Only the Supreme Court has federal appellate jurisdiction over State court judgments. *See* 28 U.S.C. § 1257.